# EXHIBIT A



**MINTZ & GEFTIC, LLC**
Bryan H. Mintz-ID#037431999
618 Newark Avenue
Elizabeth, New Jersey 07208
(908) 352-2323
Attorneys for Plaintiffs

| | |
|---|---|
| VERNAL SAUNDERS ,<br><br>Plaintiff(s),<br><br>vs.<br><br>SANTA ROSA SYSTEMS, INC.; MATERIAL HANDLING SYSTEMS, INC.; MHS EQUIPMENT, LLC; FORTNA INCORPORATED; FORTNA SYSTEMS, INC., FORTNA EQUIPMENT, LLC; THOMAS H. LEE PARTNERS; DANE REVAY; WAYFAIR LLC; WAYFAIR, INC.; AND/OR JOHN DOE 1-100, INDIVIDUALLY AND/OR T/A XYZ CO. 1-100 AND ABC CORP. 1-100 (JOHN DOE 1-100, INDIVIDUALLY AND/OR T/A XYZ CO. 1-100 AND ABC CORP. 1-100) AND JANE DOE 1-100.<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: Middlesex COUNTY<br>DOCKET NO:MID-L-008585-25<br><br><br>CIVIL ACTION<br><br>SUMMONS |

**From The State of New Jersey**
**To the Defendant(s) named above:** Wayfair, Inc.

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/

prose/10153_deptyclerklawref.pdf.) If the complaint is one in
foreclosure, then you must file your written answer or motion and
proof of service with the Clerk of the Superior Court, Hughes
Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing
fee payable to the Treasurer, State of New Jersey and a completed
Case Information Statement (available from the deputy clerk of the
Superior Court) must accompany your answer or motion when it is
filed. You must also send a copy of your answer or motion to
plaintiff's attorney whose name and address appear above, or to
plaintiff, if no attorney is named above. A telephone call will
not protect your rights; you must file and serve a written answer
or motion (with fee of $175.00 and completed Case Information
Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within
35 days, the court may enter a judgment against you for the relief
plaintiff demands, plus interest and costs of suit. If judgment is
entered against you, the Sheriff may seize your money, wages or
property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal
Services office in the county where you live or the Legal Services
of New Jersey Statewide Hotline at 1-888-LSNJ-LAW
(1-888-576-5529). If you do not have an attorney and are not
eligible for free legal assistance, you may obtain a referral to
an attorney by calling one of the Lawyer Referral Services. A
directory with contact information for local Legal Services
Offices and Lawyer Referral Services is available in the Civil
Division Management Office in the county listed above and online
at
http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pd
f.

_Michelle M. Smith_
MICHELLE M. SMITH
Clerk of the Superior Court

Dated: December 8, 2025

**Name of Defendant to be served:**
Wayfair Inc.
**Address of Defendant to be served:**
4 Copley Place, Boston, MA (7th Floor) 02116

**MINTZ & GEFTIC, LLC**
Bryan H. Mintz-ID#037431999
618 Newark Avenue
Elizabeth, New Jersey 07208
(908) 352-2323
Attorneys for Plaintiff

| | |
|---|---|
| VERNAL SAUNDERS , <br><br> Plaintiff(s), <br><br> vs. <br><br> SANTA ROSA SYSTEMS, INC.; MATERIAL HANDLING SYSTEMS, INC.; MHS EQUIPMENT, LLC; FORTNA INCORPORATED; FORTNA SYSTEMS, INC., FORTNA EQUIPMENT, LLC, THOMAS H. LEE PARTNERS; DANE REVAY; WAYFAIR LLC; WAYFAIR, INC.; AND/OR JOHN DOE 1-100, INDIVIDUALLY AND/OR T/A XYZ CO. 1-100 AND ABC CORP. 1-100 (JOHN DOE 1-100, INDIVIDUALLY AND/OR T/A XYZ CO. 1-100 AND ABC CORP. 1-100) AND JANE DOE 1-100. <br><br> Defendant(s). | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO: <br><br><br> CIVIL ACTION <br><br> COMPLAINT AND JURY DEMAND |

Plaintiffs, VERNAL SAUNDERS, residing in New Jersey, by way of Complaint, say:

### FIRST COUNT

1. In or about December 20, 2023, the Plaintiff, Vernal Saunders, was employed by Defendant Wayfair LLC at 48 Station Road, Cranbury, New Jersey, in Middlesex County.

2.   Upon information and belief, Wayfair LLC is a subsidiary of Defendant Wayfair Inc.

3.   While at Wayfair's Cranbury, New Jersey warehouse, Plaintiff was assisting a co-worker, Defendant Dane Revay, on maintenance of a Three Stage Extendable Loader Conveyor machine, including all components(the "Machine"), when the Machine caught Plaintiff's shirt sleeve sucking in and crushing his left arm, resulting in severe injuries including, among other serious injuries, the amputation of his left arm, and fracture of his right hand.

4.   Plaintiff used his right hand in an effort to free his left arm that was trapped in the Machine.

5.   Ultimately, coworkers dismantled the Machine in order to pry out his trapped arm.

6.   On June 7, 2024, OSHA issued safety violations and citations and a penalty fine to Wayfair, Inc. in the amount of $27,656.00, and its successors, listed at 48 Station Road, Cranbury, New Jersey 08512 for the conditions related to the accident of December 20, 2023.

7.   Defendants, SANTA ROSA SYSTEMS, INC.; MATERIAL HANDLING SYSTEMS, INC.; MHS EQUIPMENT, LLC; FORTNA INCORPORATED; FORTNA SYSTEMS, INC.; FORTNA EQUIPMENT, LLC; THOMAS H. LEE PARTNERS and/or John Doe 1-100, individually and/or t/a XYZ Co. 1-100 and ABC Corp. 1-100 (John Doe 1-100, individually and/or t/a XYZ Co. 1-100 and

ABC Corp. 1-100, hereinafter being fictitious names representing any persons, parties, entities and/or corporations or successors in interest responsible for the design, manufacture, assembly, repair, installation, modification, maintenance, service, testing, warnings, packaging, manual and instructions, lease/sublease, rental, sales, marketing and/or distribution of the Machine and/or its component parts that plaintiff was utilizing on December 20, 2023), individually and/or by and through its agents, employees and/or representatives, and/or as a successor in interest, were responsible for the design, manufacture, assembly, repair, installation, modification, maintenance, service, testing, warnings, packaging, manual and instructions, lease/sublease, rental, sales, marketing and/or distribution of the Machine in question and/or its component parts which was utilized by the plaintiff on December 20, 2023.

8. Defendants were reckless, careless and negligent thereof and recklessly, carelessly and negligently designed, manufactured, assembled, packaged, repaired, installed, modified, maintained, serviced, tested, warned, leased/subleased, rented, sold, marketed and/or distributed the Machine in question and/or its component parts, and negligently provided inadequate warnings and dangerous and unreasonable instructions in its manual rendering the Machine unsafe and defective.

9.   As a direct and proximate result of the recklessness, carelessness and negligence of the defendants, the plaintiff, Vernal Saunders, sustained injuries which necessitated him obtaining medical treatment, caused him great pain and suffering, incapacitated him from pursuing his usual employment and other activities and has left him with permanent disabilities that will in the future continually incapacitate him, cause him great pain and suffering and will require medical treatment. Plaintiff has incurred and will incur in the future medical expenses for his care and treatment.

**WHEREFORE**, Plaintiff, Vernal Saunders, demands judgment against the Defendants, jointly, severally and individually for damages, interest and cost of suit.

## SECOND COUNT

1.   Plaintiff repeats and realleges each and every allegation contained in the First Count as if set forth herein at length and verbatim.

2.   Defendants, SANTA ROSA SYSTEMS, INC.; MATERIAL HANDLING SYSTEMS, INC.; MHS EQUIPMENT, LLC; FORTNA INCORPORATED; FORTNA SYSTEMS, INC.; FORTNA EQUIPMENT, LLC; THOMAS H. LEE PARTNERS and/or John Doe 1-100, individually and/or t/a XYZ Co. 1-100 and ABC Corp. 1-100, caused a defective, dangerous and harmful Machine to be put into the stream of commerce.

3.    Defendant SANTA ROSA SYSTEMS, INC.; MATERIAL HANDLING SYSTEMS, INC.; MHS EQUIPMENT, LLC; FORTNA INCORPORATED; FORTNA SYSTEMS, INC.; FORTNA EQUIPMENT, LLC; THOMAS H. LEE PARTNERS are all a "Product Seller" as defined by N.J.S.A. 2A:58C-8.

4.    Defendant SANTA ROSA SYSTEMS, INC.; MATERIAL HANDLING SYSTEMS, INC.; MHS EQUIPMENT, LLC; FORTNA INCORPORATED; FORTNA SYSTEMS, INC.; FORTNA EQUIPMENT, LLC; THOMAS H. LEE PARTNERS are all a "Manufacturer" as defined by N.J.S.A. 2A:58C-8.

5.    The Plaintiff, Vernal Saunders, avers that the Defendants are liable to the Plaintiff under the Doctrine of Strict Liability in Tort and pursuant to N.J.S.A. 2A:58C-1 et. seq.

6.    At the time of the manufacture and sale, a reasonably feasible safer alternative to the Machine existed, and Defendants did not lease, retrofit, modify, distribute, sell, manufacture, maintain or in any way provide consumers with that safer alternative, and, as such, the Machine was not reasonably safe as manufactured and sold.

7.    The Machine's manual contained inadequate, unreasonable, and outright dangerous instructions making the Machine not reasonably fit, suitable or safe for its intended purpose because it failed to contain adequate warnings or instructions.

8. Defendants cannot delegate safety to the purchaser by not providing a safe Machine in the first place with adequate instructions for use.

9.  As a direct and proximate result of manufacturing a defective unsafe machine, and placing of a defective, dangerous and harmful Machine into the stream of commerce, the plaintiff, Vernal Saunders, sustained injuries which necessitated him obtaining medical treatment, caused him great pain and suffering, incapacitated him from pursuing his usual employment and other activities and have left him with permanent disabilities that will in the future continually incapacitate him, cause him great pain and suffering and will require medical treatment. Plaintiff has incurred and will incur in the future medical expenses for his care and treatment.

WHEREFORE, Plaintiff, Vernal Saunders, demands judgment against the Defendants, jointly, severally and individually for damages, interest and cost of suit.


### THIRD COUNT

1.  Plaintiff repeats and realleges each and every allegation contained in the First, Second and Third Counts as if set forth herein at length and verbatim.

2.  Defendants, SANTA ROSA SYSTEMS, INC.; MATERIAL HANDLING SYSTEMS, INC.; MHS EQUIPMENT, LLC; FORTNA INCORPORATED; FORTNA SYSTEMS, INC.; FORTNA EQUIPMENT, LLC; THOMAS H. LEE PARTNERS and/or John Doe 1-100, individually and/or t/a XYZ Co. 1-100 and ABC Corp. 1-100, expressly and impliedly warranted that said Machine was

marketable, fit and suitable for the particular use or purpose for which it was intended and safe under the conditions that same was to be used.

3.  The defendants, SANTA ROSA SYSTEMS, INC.; MATERIAL HANDLING SYSTEMS, INC.; MHS EQUIPMENT, LLC; FORTNA INCORPORATED; FORTNA SYSTEMS, INC.; FORTNA EQUIPMENT, LLC; THOMAS H. LEE PARTNERS and/or John Doe 1-100, individually and/or t/a XYZ Co. 1-100 and ABC Corp. 1-100, breached their expressed and implied warranties including but not limited to designing, manufacturing, assembling, repairing, installing, modifying, maintaining, servicing, testing, warning, instructing, leasing/subleasing, renting, marketing, selling and/or distributing the Machine in question and/or its component parts so as to be reasonably fit or suitable for its intended purpose or use and safe under the condition that same was to be used.

4. As a direct and proximate result of the breach of the express and implied warranties of the defendants, the Plaintiff, Vernal Saunders, sustained injuries which necessitated him obtaining medical treatment, caused him great pain and suffering, incapacitated him from pursuing his usual employment and other activities and have left him with permanent disabilities that will in the future continually incapacitate him, cause him great pain and suffering and will require medical treatment. Plaintiff has incurred and will incur in the future medical expenses for his care and treatment.

**WHEREFORE**, Plaintiff, Vernal Saunders, demands judgment against the Defendants, jointly, severally and individually for damages, interest and cost of suit.

### FOURTH COUNT

1. Plaintiff repeats and realleges each and every allegation contained in the First, Second and Third Counts as if set forth herein at length and verbatim.

2. The defendants, SANTA ROSA SYSTEMS, INC.; MATERIAL HANDLING SYSTEMS, INC.; MHS EQUIPMENT, LLC; FORTNA INCORPORATED; FORTNA SYSTEMS, INC.; FORTNA EQUIPMENT, LLC; THOMAS H. LEE PARTNERS and/or John Doe 1-100, individually and/or t/a XYZ Co. 1-100 and ABC Corp. 1-100, designed, manufactured, assembled, repaired, modified, service, tested, installed, maintained, serviced, marketed, distributed, prepared instructions and manual, provided warnings, leased/subleased, and/or sold the Machine in question and/or its component parts, which was unreasonably dangerous to the user in that the Machine was unfit and unsuitable for its intended purpose, was defectively designed to not protect the user from nip points and moving parts, and defendants failed to properly warn the plaintiff of the risks associated with and the nature and extent of danger resulting from the use of said Machine, and provided inadequate, dangerous and outright hazardous instructions in the manual related to maintenance of the Machine.

3.    The Plaintiff, Vernal Saunders, avers that the Defendants were negligent, careless and reckless and liable to the Plaintiff under the Doctrine of Strict Liability in Tort and pursuant to N.J.S.A. 2A:58C-1.

4. As a direct and proximate result of the defendants' actions and/or inactions, the plaintiff, Vernal Saunders, sustained injuries which necessitated him obtaining medical treatment, caused him great pain and suffering, incapacitated him from pursuing his usual employment and other activities and have left him with permanent disabilities that will in the future continually incapacitate him, cause him great pain and suffering and will require medical treatment.  Plaintiff has incurred and will incur in the future medical expenses for his care and treatment.

WHEREFORE, Plaintiff, Vernal Saunders, demands judgment against the Defendants, jointly, severally and individually for damages, interest and cost of suit.

## FIFTH COUNT

1.    Plaintiff repeats and realleges each and every allegation contained in the First, Second, Third and Fourth Counts as if set forth herein at length and verbatim.

2.    At all times relevant and prior to the date of his accident, defendants, SANTA ROSA SYSTEMS, INC.; MATERIAL HANDLING SYSTEMS, INC.; MHS EQUIPMENT, LLC; FORTNA INCORPORATED; FORTNA SYSTEMS, INC.;

FORTNA EQUIPMENT, LLC; THOMAS H. LEE PARTNERS and/or John Doe 1-100, individually and/or t/a XYZ Co. 1-100 and ABC Corp. 1-100, were the manufacturers, lessors/sublessors, distributors and/or sellers and/or marketers and/or in other ways responsible to see that the Machine in question was safe for the foreseeable use by persons such as plaintiff.

3.    At all times relevant as of the date of his accident, defendants, SANTA ROSA SYSTEMS, INC.; MATERIAL HANDLING SYSTEMS, INC.; MHS EQUIPMENT, LLC; FORTNA INCORPORATED; FORTNA SYSTEMS, INC.; FORTNA EQUIPMENT, LLC; THOMAS H. LEE PARTNERS and/or John Doe 1-100, individually and/or t/a XYZ Co. 1-100 and ABC Corp. 1-100, exercised some significant control over the Machine in question which directly and proximately caused plaintiff's injuries.

4.    At all times relevant and prior to the date of his accident, defendant manufacturers, lessors/sublessors, distributors, marketers and/or sellers knew or should have known that the Machine in question was defective, dangerous and/or harmful which directly and proximately caused plaintiff's injuries.

5.    Defendants, SANTA ROSA SYSTEMS, INC.; MATERIAL HANDLING SYSTEMS, INC.; MHS EQUIPMENT, LLC; FORTNA INCORPORATED; FORTNA SYSTEMS, INC.; FORTNA EQUIPMENT, LLC; THOMAS H. LEE PARTNERS and/or John Doe 1-100, individually and/or t/a XYZ Co. 1-100 and ABC Corp. 1-100, were negligent, careless and reckless and liable under the Doctrine of Strict Liability in tort pursuant to N.J.S.A. 2A:58C-1.

6. As a direct and proximate result of the actions and/or inactions of the defendants, the Plaintiff, Vernal Saunders, sustained injuries which necessitated him obtaining medical treatment, caused him great pain and suffering, incapacitated him from pursuing his usual employment and other activities and have left him with permanent disabilities that will in the future continually incapacitate him, cause him great pain and suffering and will require medical treatment. Plaintiff has incurred and will incur in the future medical expenses for his care and treatment.

**WHEREFORE**, Plaintiff, Vernal Saunders, demands judgment against the Defendants, jointly, severally and individually for damages, interest and cost of suit.

## SIXTH COUNT

1. Plaintiff repeats and realleges each and every allegation contained in the First, Second, Third, Fourth and Fifth Counts as if set forth herein at length and verbatim.

2. The Defendant Jane Doe 1-100 (Jane Doe 1-100 being a fictitious name representing any persons, parties, entities and/or corporations or successor in interest responsible for the injuries sustained by the Plaintiff, Vernal Saunders) was responsible for the injuries sustained by the Plaintiff, Vernal Saunders.

3. The Defendant was reckless, careless and negligent in its actions and/or inactions, liable in strict liability or breach of

warranty, and under the NJ Products Liability Act, thereby causing the Plaintiff, Vernal Saunders, to sustain injuries.

4.    As a direct and proximate result of the recklessness, carelessness and negligence of the Defendant, the plaintiff, Vernal Saunders, sustained injuries which necessitated him obtaining medical treatment, caused him great pain and suffering, incapacitated him from pursuing his usual employment and other activities and have left him with permanent disabilities that will in the future continually incapacitate him, cause him great pain and suffering and will require medical treatment. Plaintiff has incurred and will incur in the future medical expenses for his care and treatment.

WHEREFORE, Plaintiff, Vernal Saunders, demands judgment against the Defendants, jointly, severally and individually for damages, interest and cost of suit.

## SEVENTH COUNT

1.  Plaintiff repeats and realleges each and every allegation contained in the First, Second, Third, Fourth, Fifth, and Sixth Counts as if set forth herein at length and verbatim.

2.  Defendant Dane Revay, plaintiff's co-employee and supervisor/trainer at the time of the accident, was more experienced in the maintenance of the Machine.

3.  Defendant Dane Revay, knowingly removed or knowingly allowed to be removed, a plexiglass guard that protected workers

from the hazard of the Machine's conveyor and would protect against any body parts being caught in the Machine.

4.   After removing the plexiglass guard, Defendant Dane Revay, knowingly activated the Machine without ensuring that Plaintiff was outside the zone of danger, with substantial certainty that serious injury to Plaintiff would occur.

5.   In fact, Dane Revay knew the manufacturer's manual instructing that the Machine be adjusted while running and in motion was too dangerous and he decided to not make manual adjustments to the Machine while it was in use, nevertheless, he knew that plaintiff was in the vicinity of the Machine's zone of danger at the time he activated the Machine's power knowing the substantially certain danger it posed.

6.   Dane Revay's knowing and deliberate exposure of Plaintiff to a **substantially certain** danger demonstrates conduct **far beyond simple negligence or gross negligence**, bringing this matter within the intentional-wrong exception established in *Laidlow*.

7. Such conduct constitutes an intentional wrong under NJSA 34:15-8, and as such, Defendant Dane Revay is not immune from a lawsuit under the Workers' Compensation Act, N.J.S.A. 34:15-8, as defined by Laidlow v. Hariton *Machinery Co.*, 170 N.J. 602 (2002); *Millison v. E.I. du Pont*, 101 N.J. 161 (1985); and subsequent cases.

**WHEREFORE,** Plaintiff demands judgment against Dane Revay for compensatory and punitive damages, attorneys' fees as allowed by law, interest, costs of suit, and all just and appropriate relief.

### EIGHTH COUNT

1.  Plaintiff repeats and realleges each and every allegation contained in the First, Second, Third, Fourth, Fifth, Sixth and Seventh Counts as if set forth herein at length and verbatim.

2.  For a substantial period of time preceding Plaintiff's injury, Defendant Wayfair Inc. and/or Wayfair LLC knowingly permitted and tolerated the practice of employees removing, defeating, or bypassing the plexiglass guard on the Machine in order to expedite tasks, and, in fact, trained and instructed the bypassing and removing of the plexiglass.

3.  This guard on the Machine was frequently removed for maintenance to adjust the conveyors, with the knowledge of supervisors and management.

4.  Wayfair Inc. and/or Wayfair LLC only took corrective action to address this after OSHA citations and a fine, and after this accident.

5.  Wayfair Inc. and/or Wayfair LLC was aware that OSHA regulations required guarding in place and that employees not be in the vicinity of the conveyor rollers while the Machine was running, and Wayfair Inc. and/or Wayfair LLC only implemented different procedures and installed an auto-shutoff after the accident

demonstrating their knowledge of the hazard and the risk of catastrophic injury.

6.    Despite that knowledge, Wayfair Inc. and/or Wayfair LLC repeatedly allowed or ignored guard removal during normal production, and specifically instructed and trained employees to remove the plexiglass guard.

7.    Wayfair Inc. and/or Wayfair LLC further failed to install feasible, widely-used safety devices such as interlocks, light curtains, presence-sensing devices, or automatic shut-off systems that would have prevented the Machine from engaging when an operator was in the zone of danger.

8.    Wayfair Inc. and/or Wayfair LLC understood that allowing the Machine to run without a guard, while having employees in the zone of danger, subjected employees — including Plaintiff — to hazards that were **substantially certain** to cause serious injury.

9.    These conditions were not the type of simple workplace risks contemplated by the workers' compensation bargain, but rather reflected Wayfair Inc. and/or Wayfair LLC deliberate decision to prioritize production output over employee safety despite knowing that serious injury was virtually certain to occur.

10.    Defendant Wayfair Inc. and/or Wayfair LLC engaged in conduct constituting an **intentional wrong** within the meaning of N.J.S.A. 34:15-8, as defined by Laidlow v. Hariton *Machinery Co.*,

170 N.J. 602 (2002); *Millison v. E.I. du Pont*, 101 N.J. 161 (1985); and subsequent cases.

11.   The circumstances surrounding Dane Revay and Wayfair's conduct were outside the scope of the workplace risks the Workers' Compensation Act is intended to cover.

12.   Wayfair's knowing and deliberate exposure of employees to a substantially certain danger and its refusal to implement inexpensive safety controls demonstrate conduct **far beyond simple negligence or gross negligence**, bringing this matter within the intentional-wrong exception established in *Laidlow*.

13.   Plaintiff's injuries were therefore not a normal or expected risk of employment but rather the direct result of Wayfair's intentional and knowing disregard of a hazard substantially certain to cause catastrophic injury.

**WHEREFORE,** Plaintiff demands judgment against Wayfair Inc. and Wayfair LLC for compensatory and punitive damages, attorneys' fees as allowed by law, interest, costs of suit, and all just and appropriate relief.

## JURY DEMAND

Plaintiffs demand a trial by jury of six (6) persons as to all issues.

MINTZ & GEFTIC, LLC
Attorneys for Plaintiffs

BY: *Bryan Mintz*
BRYAN H. MINTZ

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that pursuant to Rule 4:5-1, the matter in controversy is not the subject of any other action pending in any other Court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

MINTZ & GEFTIC, LLC
Attorneys for Plaintiffs

BY: *Bryan Mintz*
BRYAN H. MINTZ

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, the undersigned is hereby designated as trial counsel on behalf of the plaintiffs in the within matter.

MINTZ & GEFTIC, LLC
Attorneys for Plaintiffs

BY: *Bryan Mintz*

Dated: December 7, 2025

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-008585-25

Case Caption: SAUNDERS VERNAL  VS SANTA ROSA
SYSTEMS,  INC.

Case Initiation Date: 12/08/2025

Attorney Name: BRYAN H MINTZ

Firm Name: MINTZ & GEFTIC, LLC

Address: 618 NEWARK AVENUE
ELIZABETH NJ 07208

Phone: 9083522323

Name of Party: PLAINTIFF : Vernal Saunders

Name of Defendant's Primary Insurance Company
(if known): Unknown

Case Type: PRODUCT LIABILITY

Document Type: Complaint with Jury Demand

Jury Demand: YES - 6 JURORS

Is this a professional malpractice case?  NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same
transaction or occurrence)? NO

Does this case involve claims related to COVID-19? NO

Are sexual abuse claims alleged by: Vernal Saunders? NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO
Medical Debt Claim? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/08/2025
Dated

/s/ BRYAN H MINTZ
Signed

MID-L-008585-25   12/09/2025 5:22:37 AM   Pg 1 of 1   Trans ID: LCV20253455133

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK     NJ 08903-2633
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   DECEMBER 08, 2025
                    RE:     SAUNDERS VERNAL  VS SANTA ROSA SYSTEMS,  INC.
                    DOCKET: MID L -008585 25

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON GARY K. WOLINETZ

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     006
AT:  (732) 645-4300 EXT 88279.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: BRYAN H. MINTZ
                              MINTZ & GEFTIC, LLC
                              618 NEWARK AVENUE
                              ELIZABETH          NJ 07208

ECOURTS